JOSEPH F. BLACK, Respondent, v. J. Q. SPRAGUE, Appellant.

No. 5605; January 13, 1879.

**Verdict—Sufficiency as to Form.—Considered in the Light** that a verdict must receive a reasonable interpretation and is to be construed in reference to only the controversy before the jury, a verdict in ejectment is not necessarily bad for being in such words as "We find for the plaintiff according to the patent and assess the damages at five cents per acre per year."

APPEAL from Third Judicial District, San Francisco County.

William Irvine for respondent; Moore, Laine & Leib for appellant.

CROCKETT, J.—The action is ejectment against several defendants, for the recovery of fifteen hundred acres of land, claimed by the plaintiff to be included in the patent for a confirmed Mexican grant, under which the plaintiff deraigns title. The defendant Sprague (who is the only appellant) disclaimed title to all the land in controversy, except a tract of one hundred and seven acres or thereabouts, which he claims under a patent from the United States, issued to him as a preemptor, subsequent in date to the patent under which the plaintiff claims. The cause was tried with a jury, and at the trial the sole controversy was as to the correct location of the line called for in the plaintiff's patent, as running from station 24 to station 25; the defendant claiming that station 25 was at a post set in a mound of stones, while the plaintiff claimed that the correct location of that station was at another post in the vicinity set at the time of the survey in the field; but which has disappeared. If the defendant's theory as to the location of station 25 was correct, the plaintiff's patent would include none of the land patented to Sprague. On the other hand, if the plaintiff's theory was correct, his patent included one hundred and seven acres or thereabouts,

of the land embraced in Sprague's patent. So far as Sprague was concerned, the only question before the jury was as to the correct location of the line in the plaintiff's patent from station 24 to station 25; and after hearing the evidence and the charge of the court, the jury returned a verdict in these words: "We find for the plaintiff, according to the patent, and assess the damages at five cents per acre per year." The defendant excepted to the verdict as void for uncertainty; but the court received it and entered a judgment for the plaintiff, without damages. The defendant renews, on this appeal, the proposition that the verdict is void and will not support the judgment.

But the verdict must receive a reasonable interpretation, and is to be construed in reference to the only controversy which was waged before the jury. The verdict could not have been for the plaintiff, except on the ground, that he had convinced the jury of the correctness of his theory as to the proper location of the disputed line; and if that theory was correct, it is not denied that the plaintiff's patent, included the one hundred and seven acres or thereabouts, claimed by Sprague under his patent. The words "according to the patent," found in the verdict, may be rejected as surplusage, in view of the only question of fact on which the jury was to pass; and at most it was only an awkward method of expressing the fact that the plaintiff's patent included the premises in controversy.

The defendant excepted to several of the instructions given to the jury; but after a careful examination of the judge's charge, we think it placed the law of the case fully and fairly before the jury, and that the objections urged by the defendant are hypercritical.

Judgment and order affirmed.

We concur: Wallace, C. J.; Rhodes, J.; McKinstry, J.; Niles, J.